UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:17-cv-00614-MOC-DLH

| | | |
|---|---|---|
| **BRIAN S. POLK,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| **NANCY A. BERRYHILL,** | ) | |
| | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the court on Plaintiff's Motion for Summary Judgment and Defendant's Motion for Summary Judgment as cross motions. Having considered the motions and reviewed the pleadings, the court enters the following Order.

## I. Administrative History

Plaintiff filed an application for disability insurance benefits under Title II of the Act on January 7, 2014, alleging disability since December 15, 2011. (Tr. 50). The Commissioner denied plaintiff's application initially and upon reconsideration. (Tr. 82, 87). At plaintiff's request, Administrative Law Judge Susan Poulos ("ALJ") held a hearing on his claims on October 3, 2016 in Charlotte, North Carolina. (Tr. 14). After considering the hearing testimony and all evidence of record, on December 2, 2016, the ALJ issued a written decision finding that plaintiff was not disabled within the meaning of the Act. (Tr. 23). The Appeals Council denied plaintiff's request on August 17, 2017, rendering the ALJ's decision the final decision of the Commissioner. (Tr.1). Having exhausted his administrative remedies, plaintiff commenced the instant action, seeking judicial review of the Commissioner's decision pursuant to 42 U.S.C. § 405(g).

## II. Factual Background

The court adopts and includes the ALJ's factual findings herein as if fully set forth. Such findings are referenced in the substantive decision which follows.

## III. Standard of Review

The only issues on review are whether the Commissioner applied the correct legal standards and whether the Commissioner's decision is supported by substantial evidence. Richardson v. Perales, 402 U.S. 389, 390 (1971); Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Review by a federal court is not de novo, Smith v. Schwieker, 795 F.2d 343, 345 (4th Cir. 1986); rather, inquiry is limited to whether there was "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, supra.

Even if the undersigned were to find that a preponderance of the evidence weighed against the Commissioner's decision, the Commissioner's decision would have to be affirmed if supported by substantial evidence. Hays v. Sullivan, supra. The Fourth Circuit has explained substantial evidence review as follows:

> the district court reviews the record to ensure that the ALJ's factual findings are supported by substantial evidence and that its legal findings are free of error. If the reviewing court decides that the ALJ's decision is not supported by substantial evidence, it may affirm, modify, or reverse the ALJ's ruling with or without remanding the cause for a rehearing. A necessary predicate to engaging in substantial evidence review is a record of the basis for the ALJ's ruling. The record should include a discussion of which evidence the ALJ found credible and why, and specific application of the pertinent legal requirements to the record evidence. If the reviewing court has no way of evaluating the basis for the ALJ's decision, then the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation.

Radford v. Colvin, 734 F.3d 288, 295 (4th Cir. 2013) (internal citations and quotations omitted).

## IV. Substantial Evidence

## A. Introduction

The court has read the transcript of plaintiff's administrative hearing, closely read the decision of the ALJ, and reviewed the relevant exhibits contained in the extensive administrative record. The issue is not whether the court might have reached a different conclusion had it been presented with the same testimony and evidentiary materials, but whether the decision of the administrative law judge is supported by substantial evidence. Here, the court finds that the ALJ's decision was supported by substantial evidence, and it will thus be affirmed.

## B. Sequential Evaluation

A five-step process, known as "sequential" review, is used by the Commissioner in determining whether a Social Security claimant is disabled. The Commissioner evaluates a disability claim under Title XVI pursuant to the following five-step analysis:

   a. An individual who is working and engaging in substantial gainful activity will not be found to be "disabled" regardless of medical findings;
   b. An individual who does not have a "severe impairment" will not be found to be disabled;
   c. If an individual is not working and is suffering from a severe impairment that meets the durational requirement and that "meets or equals a listed impairment in Appendix 1" of Subpart P of Regulations No. 4, a finding of "disabled" will be made without consideration of vocational factors;
   d. If, upon determining residual functional capacity ("RFC"), the Commissioner finds that an individual is capable of performing work he or she has done in the past, a finding of "not disabled" must be made;
   e. If an individual's RFC precludes the performance of past work, other factors including age, education, and past work experience, must be considered to determine if other work can be performed.

20 C.F.R. § 416.920(a)-(f). The burden of proof and production during the first four steps of the inquiry rests on the claimant. Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995). At the fifth step, the burden shifts to the Commissioner to show that other work exists in the national economy that the claimant can perform. Id.

## C. The Administrative Decision

At step one of the sequential evaluation, the ALJ found that plaintiff has not engaged in substantial gainful activity since December 15, 2011, the alleged onset date. (Tr. 16). At step two, the ALJ found that plaintiff has the following severe impairments: anxiety and depression. (Tr. 16). At step three, the ALJ found that none of plaintiff's medically determinable impairments, singly or in combination with each other, meets the severity of an impairment in the 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526). (Tr. 17).

Before step four, the ALJ found that plaintiff had the residual function capacity ("RFC") to perform a full range of work at all exertional levels but with the following nonexertional limitations: The claimant can only have rare interactions with the general public (less than one-third of the workday) and can have only occasional interactions with co-workers. He can perform simple, routine tasks; adapt to routine changes with few workplace changes; and is able to do non-fast-paced production rate work. (Tr. 18).

At step four, the ALJ found that plaintiff's RFC prevents him from performing any past relevant work through his date last insured. (Tr. 21). At step five, the ALJ found that considering plaintiff's age, education, work experience, and RFC, there are jobs that exists in significant numbers in the national economy that the plaintiff can perform, including cleaner and bench hand. (Tr. 22-23). As a result, the ALJ concluded that plaintiff was not disabled within the meaning of the Act from the alleged onset date through the last date insured. (Tr. 23).

## D. Discussion

The court has closely read plaintiff's Memorandum (Doc. No. 7) supporting his Motion for Summary Judgment. (Doc. No. 6). Plaintiff argues the ALJ erred at step five of the sequential

process by failing to properly weigh the opinions of Dr. John Barkenbus' ("Dr. Barkenbus") and Carol Rogers' ("Rogers"), as well as other medical opinions of record. (Doc. No. 7, p. 2).

The court has also carefully read defendant's Memorandum. (Doc. No. 10) supporting her Motion for Summary Judgment. (Doc. No. 9). Defendant argues the ALJ properly evaluated the medical opinion evidence of treating psychiatrist Dr. Barkenbus (Doc. No. 10, p. 1), contending that substantial evidence supports the ALJ's assessment of the opinion evidence, that the ALJ properly evaluated the opinion evidence of Dr. Barkenbus, that the ALJ properly evaluated the opinions of the psychological consultative examiner, and that the ALJ has the right to make inferences. (Doc. No. 10). The court will consider plaintiff's allegations (and defendant's counter-arguments) in turn.

  a. *Opinion Evidence of Dr. John Barkenbus, M.D. and T. Carol Rogers, DNP*

Plaintiff argues that the ALJ failed to properly evaluate the medical opinions provided by Dr. Barkenbus and Rogers. Specifically, plaintiff contends that the ALJ was required to give controlling weight to a treating psychiatrist's opinion and that the ALJ failed to consider those opinions which would be supportive of having a disability. After reviewing the record, the court disagrees with plaintiff given that the medical opinion is not supported by record evidence. In other words, if a physician's opinion is not supported by clinical evidence, it should be accorded less weight, as argued by defendant.

The ALJ does in fact consider what Dr. Barkenbus noted: that plaintiff may need to take unscheduled breaks during the work day; incapable of "low stress work"; had missed work more than four days per month; and had extreme difficulty in social functioning concerning concentration, persistence, or pace. (Tr. 17-18, 316). According to the record and the ALJ's

findings, there is no reason to believe Dr. Barkenbus treated plaintiff; he was mainly evaluated by Rogers, a nurse practitioner. (Tr. 213, 257, 258-297, 339-353). Defendant argues, "If we find that a treating source's opinion on the issue(s) of the nature and severity of [the] impairment(s) is well supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in[the] case record, we will give it controlling weight." 20 CFR 404.1527(d)(2). Thus, because Rogers never provided an opinion, the ALJ was under no duty to assign any weight to a non-existent opinion.

Even considering the lack of medical evidence, the defendant further points out to the court what plaintiff had noted about his medication for his severe conditions, that Propranolol was amazing and Viibryd was good for his mood swings (Tr. 347, 349). "If a symptom can be reasonably controlled by medication or treatment, it is not disabling." Gross v. Heckler, 785 F.2d 1163, 1166 (4th Cir. 1986). The court agrees with plaintiff in that the ALJ cannot simply cherry-pick facts in order to conclude nondisability, but without any medical evidence from Rogers the court cannot make a conclusion based on the absence of fact. Lewis v. Berryhill, 858 F.3d 858, 869 (4th Cir. 2017). Factors used to determine weight to be accorded the opinions of physicians and psychologists not given controlling weight will also apply to the opinions of providers who are deemed to be at a different professional level, including nurse practitioners or therapists. SSR 06-3p, 2006 WL 2329939, at *2 (Aug. 9, 2006). As such, the court finds the ALJ did not commit an error based on her evaluation of the opinions of Dr. Barkenbus and Rogers.

   b. *Opinion Evidence of Pauline Hightower, PsyD.*

Next, plaintiff argues that the ALJ erred in her analysis of the psychological consultative examination of Pauline Hightower's, PsyD. ("Dr. Hightower"), because it was given great weight

where she did not conclude plaintiff was disabled. Dr. Hightower conducted an examination on July 22, 2014 (Tr. 18, 70-80) and made the following conclusions: Plaintiff had mild limitations in daily living, moderate limitations in social functioning, moderate difficulties in maintaining concentration, persistence, and pace. (Tr. 61-68, 70-80). Plaintiff argues that this evaluation was given greater weight by the ALJ because Dr. Hightower's conclusion was that he was not disabled and could function in a work environment. Defendant argues that the ALJ properly gave a great amount of weight to Dr. Hightower's analysis because not only was it supported by the record, but also gave insight to how plaintiff functions in his daily life.

In her examination, Dr. Hightower noted that Plaintiff was polite, cooperative, made eye contact, had normal rhythm of speech, a linear thought process, no intentions of suicide, oriented to time and place, able to follow simple instructions, and had no clinically significant signs of cognitive disorder. (Tr. 61-68, 70-80). Plaintiff's daily activities, according to Dr. Hightower, consist of self-care, medication with reminders, rides with others, trips to the grocery store, quality time with spouse, can count change, and participate in social activities with friends (Tr. 75). "The only fair manner to weigh a subjective complaint . . . is to examine how [it] affects the routine of life." Mickles v. Shalala, 29 F.3d 918, 921 (4th Cir. 1994) (Hall, J., concurring). For these reasons, the ALJ deemed that plaintiff was able to interact with the working world and was without disability. The relevance of daily activities to determine credibility and disability is clear in plaintiff's case, given all the evidence that he can moderate interact with others when staying up to date with his medication.

The court cannot find that the ALJ erred in her high consideration of Dr. Hightower's examination of plaintiff. In conjunction with Dr. Hightower's conclusions, plaintiff's Adult

Function Report stated that he is mentally able to initiate, sustain, and complete activities such as attending to his personal care, preparing meals, shopping, driving, and managing finances without supervision. (Tr. 185-192). While plaintiff has issues with his family, the ALJ concluded that he can interact with the public domain. (Tr. 317-335). After considering these factors, the ALJ properly concluded that plaintiff can perform a full range of range of work at all exertion levels but with the following nonexertional limitations: can only have rare interactions with the general-public (less than 1/3 of the work day); occasional interactions with co-workers. He can perform simple, routine tasks; able to adapt to routine changes with few workplace changes; and able to do non-fast-paced production rate work. (Tr. 18). Together with Dr. Hightower's examination and the evidence provided by the record, the court does not find any reversible error by the ALJ.

    *c. Duty of ALJ to Obtain Medical Evidence and Make Inferences*

Finally, plaintiff claims that the ALJ erred by making negative inferences and solely relying on *post hoc* rationalizations made by plaintiff's physicians. He argues that negative inferences to treating examining sources is legally improper under 20 CFR 404.1527(d)(1). In defendant's Memorandum, she addresses this error by reiterating that the ALJ made the point that the record before her lacked certain evidence that any doctor provided any opinion which indicate that plaintiff was disabled or even has limitations greater that those determined in her decision. (Tr. 17). While plaintiff argues that negative inferences should not be considered by this court, inferences drawn from facts are permissible. NLRB v. General Pipefitters, Local Union No. 638, 429 U.S. 507, 531-32 (1997); SSR 85-16 ("In analyzing the evidence, it is necessary to draw meaningful inferences").

The ALJ correctly inferred that plaintiff was not disabled based on the following: totality of the evidence; plaintiff's testimony he was no longer receiving treatment; lack of evidence Plaintiff has participated in outpatient mental health treatment; intermittent treatment with North Carolina Neuropsychiatry; treatment was sporadic and routine in nature; daily activities do not give way to disability. Dumas v. Schweiker, 712 F.2d 1545, 1553 (4th Cir. 1983). This court agrees with the defendant in that ALJ fulfilled her duty to obtain medical reports from multiple treating, examining, and non-examining sources. Plaintiff cites no legal authority that ALJ must look for medical opinions finding disability. 20 CFR 404.1545(a)(3). The ALJ properly evaluated the entire record, including opinion evidence, Plaintiff's testimony, objective findings, and other evidence to conclude Plaintiff was not disabled. Therefore, this court cannot find that the ALJ erred in giving her inferences on the evidence and medical records provided.

### E. Conclusion

The undersigned has carefully reviewed the decision of the ALJ, the transcript of proceedings, plaintiff's complaint, the cross Motions for Summary Judgment, and accompanying memoranda. Review of the entire record reveals that the decision of the ALJ was supported by substantial evidence. See Richardson v. Perales, supra; Hays v. Sullivan, supra. As this court finds that there was "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," Richardson v. Perales, supra at 401, plaintiff's Motion for Summary Judgment will be denied, the Commissioner's Motion for Summary Judgment will be granted, and the decision of the Commissioner will be affirmed.

**ORDER**

**IT IS, THEREFORE, ORDERED** that plaintiff's Motion for Summary Judgment (Doc. #6) is **DENIED**, defendant's Motion for Summary Judgement (#9) is **GRANTED** and the decision of the Commissioner is **AFFIRMED**.

Signed: August 16, 2018

Max O. Cogburn Jr
United States District Judge